UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF E.N. BISSO & SON, INC.'S     CIVIL ACTION
REQUEST FOR EXONERATION FROM LIABILITY,
OR ALTERNATIVELY FOR LIMITATION OF LIABILITY     No. 22-3479
    c/w 22-4115

SECTION I

ORDER & REASONS

Before the Court is a motion[1] filed by petitioner, E.N. Bisso & Son, Inc., as owner and/operator of the M/V J.A. BISSO II ("Petitioner") ("E.N. Bisso"), seeking a default judgment against all non-appearing claimants. For the reasons set forth below, the Court will grant the motion.

I.

On October 25, 2022, E.N. Bisso filed a "Complaint for Exoneration from and/or Limitation of Liability"[2] pursuant to 46 U.S.C. § 30501 *et seq.* and pursuant to 46 U.S.C. § 30501 *et seq.*, Federal Rule of Civil Procedure 9(h), and to Rule F of the Supplementary Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, in connection with the M/V J.A. BISSO II and allegations of exposure to asbestos. On October 28, 2022, this Court ordered notice to be issued to all persons asserting related claims, requiring them to file their claims on or before November 30, 2022.[3]

---

[1] R. Doc. No. 15.
[2] La. E.D. Case No. 22-4115, R. Doc. No. 1.
[3] La. E.D. Case No. 22-4115, R. Doc. No. 4.

Legal notice appeared in *The Advocate/The Times-Picayune* newspaper on November 2, 9, 16, and 23, 2022.[4] As of the date that E.N. Bisso filed this motion for default judgment, the following claimants have come forward: Bisso Towboat Co., Inc.[5] and Robert Robertson.[6] No other claims have been filed against the M/V J.A. BISSO II.

## II.

Pursuant to Federal Rule of Civil Procedure 55(b), "the Court may enter a default judgment against a party when that party fails to plead or otherwise respond to the plaintiff's complaint within the required time period." *Synergy Bank v. Capt. T.W. Boudreaux M/V*, No. 20-1066, 2020 WL 4732217, at *2 (E.D. La. Aug. 14, 2020) (Africk, J.); *see also In re Daigle Towing Serv., LLC*, No. CV 19-0815, 2021 WL 6973799, at *1 (E.D. La. Mar. 8, 2021) (Vance, J.) (finding default judgment to be appropriate in a limitation of liability action where potential claimants did not file a claim within the monition period). Rule F(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions likewise provides:

> Claims shall be filed and served on or before the date specified in the notice provided for in subdivision (4) of this rule. Each claim shall specify the facts upon which the claimant relies in support of the claim, the items thereof, and the dates on which the same accrued. If a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant shall file and serve an answer to the complaint unless the claim has included an answer.

---

[4] R. Doc. No. 14-1, at 1, 3.
[5] R. Doc. No. 9.
[6] R. Doc. No. 12.

E.N. Bisso asserts that it is entitled to a default judgment against all persons or entities who did not file a claim for damages or loss before the date set by this Court as the deadline for the filing of claims, November 30, 2022. Prior to November 30, 2022, E.N. Bisso complied with the requirements of Supplemental Rule F(4) and this Court's order by publishing notice of the action once a week in *The Advocate/The Times-Picayune* for four successive weeks.[7] The notices stated that all persons asserting related claims were admonished to do so with the Clerk of Court for the United States District Court for the Eastern District of Louisiana on or before November 30, 2022, "or be defaulted."[8] E.N. Bisso also served notice of the action and a copy of the complaint upon "all known claimants or potential claimants."[9]

November 30, 2022 has passed, and only Bisso Towboat Co., Inc. and Robert Robertson filed timely claims and answers to E.N. Bisso's complaint.[10] Accordingly, E.N. Bisso is entitled to a default judgment as to all other non-appearing claimants.[11]

For the foregoing reasons,

**IT IS ORDERED** that E.N. Bisso's motion is **GRANTED**.

---

[7] R. Doc. No. 14-1, at 1, 3.
[8] *Id.* at 2, 4.
[9] R. Doc. No. 15-1, at 2 ¶ 4.
[10] R. Doc. Nos. 9 and 12.
[11] The Court notes Fifth Circuit caselaw holds that a district court has the discretion to allow or refuse the late filing of a claim in a limitation of liability proceeding. *In re River Towing Servs.*, 420 F.3d 385, 387–88 (5th Cir. 2005); *In re Trace Marine Inc.*, 114 F. App'x 124, 126–27 (5th Cir. 2004); *Golnoy Barge Co. v. M/T SHINOUSSA*, 980 F.2d 349, 351 (5th Cir. 1993) (enumerating factors courts should consider when determining whether good cause for allowing a late filing exists).

**IT IS FURTHER ORDERED** that any and all parties that did not enter a claim in the above-captioned limitation proceeding are hereby in default and enjoined from entering a claim against E.N. Bisso arising out of or in connection with the M/V J.A. BISSO II, as described in the Complaint for Exoneration from and/or Limitation of Liability.[12]

New Orleans, Louisiana, December 27, 2022.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[12] La. E.D. Case No. 22-4115, R. Doc. No. 1.