UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF THE
COMPLAINT OF BISSO TOWBOAT
TOWBOAT CO., INC.

CIVIL ACTION

No. 22-3479
c/w 22-4115
REF: ALL CASES

SECTION I

### ORDER & REASONS

Before the Court is claimant Robert Robertson's ("Robertson") motion[1] to stay the proceedings for exoneration or limitation of liability before this Court pending resolution of Robertson's state court action. Limitation petitioners and third-party claimants E.N. Bisso & Son, Inc. ("Bisso & Son"), owner of the M/V J.A. BISSO II, and Bisso Towboat ("Bisso Towboat"), owner of the M/V BARON, oppose the motion.[2] For the reasons discussed below, the Court will deny Robertson's motion.

### I. BACKGROUND

This case arises from an occupational asbestos exposure claim filed by Robertson in the Civil District Court for the Parish of Orleans.[3] Robertson's petition alleges that he was exposed to friable asbestos fibers while working as a deckhand,

---

[1] R. Doc. No. 27. Pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*, when a court grants a complaint for exoneration or limitation of liability, the court "enjoins the prosecution of other actions with respect to" the incident underlying the exoneration or limitation of liability action. *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 448 (2001). Accordingly, the Court interprets Robertson's motion as requesting the Court to (1) dissolve the injunction of other actions, and then (2) stay the above-captioned action pending resolution of his state court action.
[2] R. Doc. Nos. 31 (opposition by Bisso & Son), 32 (opposition by Bisso Towboat).
[3] *Robert Robertson versus E.N. Bisso & Son., et al.*, Cause No. 22-6238, Civil District Court for the Parish of Orleans, Division J.

laborer, roustabout, and captain aboard vessels owned and operated by Bisso Towboat and Bisso & Son between 1976 and 1991.[4]

On September 26, 2022, Bisso Towboat filed a complaint in this Court for exoneration from or limitation of liability pursuant to the Limitation of Liability Act ("Limitation Act"), 46 U.S.C. § 30501 *et seq.*, in an effort to limit its potential liability to the value of the M/V BARON or, alternatively, to exonerate itself.[5] On October 25, 2022, Bisso & Son answered Bisso Towboat's limitation complaint and sought recovery from Bisso Towboat in the form of contribution.[6] After answering Bisso Towboat's complaint, Bisso & Son initiated its own exoneration or limitation proceeding in another section of this Court.[7] On November 1, 2022, the two proceedings were consolidated,[8] and Bisso Towboat filed its answer and claim against Bisso & Son on November 4, 2022.[9]

Robertson answered Bisso Towboat's complaint on October 31, 2022.[10] On December 14, 2022, Robertson filed an answer and claim against Bisso & Son to assert claims of negligence and unseaworthiness under the Jones Act and sought a jury trial on all issues in this Court.[11] On March 3, 2023, Robertson filed the instant

---

[4] *See* R. Doc. No. 27-1, at 1–2.
[5] R. Doc. No. 1.
[6] R. Doc. No. 5.
[7] *See* E.D. La. Case No. 22-4115, R. Doc. No. 1.
[8] R. Doc. No. 8.
[9] R. Doc. No. 9.
[10] R. Doc. No. 6.
[11] R. Doc. No. 12.

motion to stay the consolidated limitation proceedings pending resolution of his state court claims.[12] Robertson's motion offers the following stipulations:

> 1. That the Limitation Petitioners, Bisso Towboat Co., Inc. and E.N. Bisso & Son, Inc., have the right to litigate the issue of whether they are entitled to limit liability under the provisions of the Limitation Act (46 U.S.C. § 30505 et. seq.) in this Admiralty Court, and this Admiralty Court has exclusive jurisdiction to determine that issue.
>
> 2. That the Limitation Petitioners, Bisso Towboat Co., Inc. and E.N. Bisso & Son, Inc., have the right to have this Admiralty Court determine the value of the vessels, M/V J.A. BISSO II and M/V BARON, and this Admiralty Court has exclusive jurisdiction to determine that issue.
>
> 3. That the Claimant will not seek a determination of the issues set forth in stipulations 1 and 2 above in any court other than this Admiralty Court, and Claimant further consents to waive any res judicata and issue preclusion effect the decisions, rulings or judgments of any other court might have on those issues.
>
> 4. That, in the event there is a judgment or recovery in any State Court action in excess of the limitation fund, whether against the Limitation Petitioners or any other liable parties who may cross-claim or possess a claim over against the Limitation Petitioners, *in no event will Claimant seek to enforce said excess judgment or recovery insofar as same may expose the Limitation Petitioners to liability in excess of the limitation funds pending the adjudication of Limitation of Liability in this federal court.*
>
> 5. That, in the event this Court determines that the Limitation Petitioners are entitled to limited liability, Claimant agrees that any claims against Limitation Petitioners and in favor of any party in any state court proceeding will be paid on a pro rata basis against the available fund.[13]

---

[12] R. Doc. No. 27.
[13] *Id.* at 2–3.

## II. LEGAL STANDARD

The Limitation Act allows a vessel owner to limit liability for damage or injury, occasioned without the owner's privity or knowledge, to the value of the vessel and its pending freight or the owner's interest in the vessel and its pending freight. 46 U.S.C. § 30501 *et seq*. When an action for limitation of or exoneration from liability is brought pursuant to the Limitation Act, and the vessel owner has complied with the Limitation Act's required procedures, "all claims and proceedings against the owner related to the matter in question shall cease." *Id.* § 30511.

Federal courts have exclusive jurisdiction over suits brought under the Limitation Act, "saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1). Accordingly, "a tension exists between the exclusive jurisdiction vested in the admiralty courts to determine a vessel owner's right to limited liability and the savings to suitors clause." *Lewis*, 531 U.S. at 442. Namely, "the [latter] affords suitors a choice of remedies, while the [former] gives shipowners the right to seek limitation of their liability exclusively in federal court." *In re Tetra Applied Techs., L.P.*, 362 F.3d 338, 340 (5th Cir. 2004).

While "[t]he court's primary concern is to protect the shipowner's absolute right to claim the Act's liability cap, and to reserve the adjudication of that right in the federal forum," *Magnolia Marine Transp. Co. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992), there are two situations in which a district court has discretion to dissolve the injunction of all related matters and allow claims to proceed outside the limitation action. These situations are:

> (1) when the total amount of the claims does not exceed the shipowner's declared value of the vessel and its freight, and (2) when *all claimants* stipulate that the federal court has exclusive jurisdiction over the limitation proceeding, and that the claimants will not seek to enforce a damage award greater than the value of the ship and its freight until the shipowner's right to limitation has been determined by the federal court.

*In re Devall Towing & Boat Serv. of Hackberry, L.L.C.*, 827 F. App'x 411, 413 (5th Cir. 2020) (quoting *Odeco Oil & Gas Co., Drilling Div. v. Bonnette*, 74 F.3d 671, 674 (5th Cir. 1996) (emphasis in *Odeco*)).

### III.  ANALYSIS

### A. Limitation of Liability Act

Bisso Towboat and Bisso & Son have both asserted cross-claims for indemnification and contribution.[14] Accordingly, both are claimants under the Limitation Act.[15] However, neither Bisso Towboat nor Bisso & Son have proffered the requisite stipulations. The law is well-settled that in limitation actions in which more than one claimant is involved, all claimants must enter into a stipulation to dissolve the injunction on related proceedings. *In re Complaint of Bertucci Contracting Co.,*

---

[14] R. Doc. No. 9, at 2; R. Doc. No. 5, at 3.

[15] "[P]arties seeking indemnification and contribution from a shipowner must be considered claimants" because "[c]odefendant cross-claims for indemnity and contribution are liabilities that must be addressed in order to protect the shipowner's rights under the Limitation Act." *Odeco*, 74 F.3d at 675 (5th Cir. 1996); *see also In re Complaint of Port Arthur Towing, Co. on Behalf of M/V MISS CAROLYN*, 42 F.3d 312, 316 (5th Cir.), *rehg. denied*, 51 F.3d 1047 (5th Cir.), *cert. denied*, 517 U.S. 823 (1995) (recognizing that "a 'claimant' in this context includes a codefendant who is asserting a cross claim for indemnification, costs, and attorneys' fees"); *Gorman v. Cerasia*, 2 F.3d 519, 525 (3d Cir. 1993) (explaining how claims for indemnity and contribution, as well as claims for attorneys' fees, can frustrate a shipowner's right to limitation).

*LLC*, No. 12-1783, 2015 WL 4994656, at *4 (E.D. La. Aug. 19, 2015) (Barbier, J.) (citing *Odeco*, 74 F.3d at 675). Nonetheless, Robertson asserts that his stipulations fulfill the purpose of the Limitation Act because they "fully protect *both* Limitations [sic] Petitioners' right [sic] to pursue limitation, and fully protect *both* Limitation Petitioners from exposure to liability in excess of their limitation funds…."[16]

Following *Odeco's* guidance, this Court has found stipulations from a plaintiff claimant insufficient when co-defendant cross-claimants have refused to join. In *In re Nguyen*, No. 01–3510, 2002 WL 31207454, at *3 (E.D. La. Oct. 1, 2002) (Africk, J.), plaintiff, a personal injury claimant, argued that he should be allowed to proceed in state court because his proffered stipulations matched those approved by the Fifth Circuit in *Odeco* and adequately protected the shipowners' rights under the Limitation Act. *Id*. The other claimants, which included two shipowners and an insurer seeking indemnification and/or contribution, objected to the stipulations. *Id*. Despite plaintiff's unsupported assertion that the other claimants need not agree to the stipulations in a personal injury case, the Court held that *Odeco* plainly requires that all claimants—including parties seeking indemnification and/or contribution against one another—must agree to stipulations protecting the vessel owners' rights under the Limitation Act. *Id*. ("[A]ll claimants in a limitation action must agree to stipulations protecting the vessel owner's Limitation Act rights and that parties whose claims are for indemnity and contribution from a shipowner are considered claimants within the meaning of the Limitation Act."); *see also In re Complaint of*

---

[16] R. Doc. No. 27, at 6–7 (emphasis in original).

*Bertucci*, 2015 WL 4994656, at *4 ("[I]n limitation actions in which more than one claimant is involved, all claimants must enter into a stipulation to lift the stay.")

The Fifth Circuit cases cited by Robertson do not disturb this conclusion. In *In re Tidewater*, 249 F.3d 342, 347 (5th Cir. 2001), the court dissolved the injunction on the commencement or prosecution of any and all suits arising out of the incident giving rise to the limitation action after finding that a stipulation that claims be paid on a *pro rata* basis adequately protected the limitation petitioner's rights under the Limitation Act. There, however, all claimants agreed to the stipulation. *Id.* at 348.

Similarly, in *Texaco v. Williams*, 47 F.3d 765, 768 (5th Cir. 1995), the court instructed that "[m]ultiple claimants may reduce their claims to the equivalent of a single claim by stipulating to the priority in which their claims will be paid from the limitation fund." Robertson's stipulation that any state court award be paid on a *pro rata* basis appears to be designed with this end in mind. However, Robertson cannot unilaterally accomplish what the Fifth Circuit has made clear must be a multilateral exercise because, without stipulations from all other claimants, both limitation petitioners could be exposed to damages in excess of their respective limitation funds.

In the instant case, neither Bisso & Son nor Bisso Towboat have agreed to Robertson's stipulations. Accordingly, as not all claimants in the limitation actions have agreed to the stipulations, the Court will not dissolve the injunction on related proceedings.

**B. District Court's Authority to Issue a Stay**

"It is undisputed that a district court has inherent power to regulate the flow of cases and 'control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Billiot v. Beavers*, No. 12-2946, 2015 WL 4397108, at *1 (E.D. La. July 13, 2015) (Engelhardt, J.) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "This authority includes the district court's wide discretion to grant a stay in a pending matter." *Id.* (citing *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990)).

In the context of "actions arising under the Limitation Act, . . . [district courts] have discretion to stay or dismiss Limitation Act proceedings to allow a suitor to pursue his claims in state court." *Lewis*, 531 U.S. 454. However, "[i]f the district court concludes that the vessel owner's right to limitation will not be adequately protected—where for example a group of claimants cannot agree on appropriate stipulations or there is uncertainty concerning the adequacy of the fund or the number of claims—the court may proceed to adjudicate the merits, deciding the issues of liability and limitation." *Id.* The Court so concludes.

As the Court has determined that dissolving the injunction on the prosecution of all related matters and allowing Robertson's claims to proceed outside the limitation action is not appropriate, the Court accordingly finds that granting a stay of the above-captioned action is neither necessary nor appropriate.

## IV.  CONCLUSION

Accordingly,

**IT IS ORDERED** that Robertson's motion to dissolve the injunction on related proceedings and to stay the above-captioned action is **DENIED**.

New Orleans, Louisiana, April 5, 2023.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**